UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RANELLUCCI, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 3:11-cv-00640 |
| v. ) | Judge Nixon/Brown |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |

To:   The Honorable John T. Nixon, Senior Judge

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Supplemental Security Income (SSI), as provided under Title XVI of the Social Security Act (the "Act"), as amended. Currently pending before the Magistrate Judge are Plaintiff's Motion for Judgment on the Record and Defendant's Response. (Docket Entries 16, 21). The Magistrate Judge has also reviewed the administrative record ("Tr."). (Docket Entry 10). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Plaintiff's Motion be **DENIED** and this action be **DISMISSED**.

**I. INTRODUCTION**

Plaintiff filed her first application for SSI on July 24, 2006. (Tr. 46). That application was denied on January 23, 2007, and Plaintiff did not appeal. *Id*. She filed her second application for SSI on May 9, 2008, with an alleged onset date of October 6, 1963, her birthdate. (Tr. 168-74, 199). Her claim was denied initially and upon reconsideration. (Tr. 50-52, 54-56). On June 30, 2010, at Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Linda

Gail Roberts. (Tr. 31-45). ALJ Roberts issued a decision denying Plaintiff benefits on July 19, 2010. (Tr. 12-25).

In her decision denying Plaintiff's claims, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 24, 2006, the prior file application date (20 CFR 416.971 *et seq*.).
2. The claimant has the following severe impairments: bipolar disorder, personality disorder not otherwise specified, and a history of polysubstance abuse (20 CFR 416.920(c)).
3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels (consistent with exhibit 8F) but with the nonexertional limitations expressed in exhibits 13F and the visual limitations in exhibit 8F. She is able to remember simple instructions and detailed instructions with some difficulty at times but can still do. She is able to sustain concentration, persistence, and pace over extended periods for simple tasks and detailed tasks with some difficulty at times. She is able to interact with the general public with some difficulty at times but still can do. She is able to respond to routine changes.
5. The claimant has no past relevant work (20 CFR 416.965).
6. The claimant was born on October 6, 1963 and was 42 years old, which is defined as a younger individual age 18-49, on the date the prior application was filed (20 CFR 416.963).
7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
10. The claimant has not been under a disability, as defined in the Social Security Act, since July 24, 2006, the date the prior application was filed (20 CFR 416.920(g)).

(Tr. 17-25).

The Appeals Council denied Plaintiff's request for review on May 20, 2011. (Tr. 1-5). This action was timely filed on July 5, 2011. (Docket Entry 1).

## II. REVIEW OF THE RECORD

In her Motion, Plaintiff agrees with and adopts the ALJ's summary of the medical evidence with the exception of the evidence submitted to the Appeals Council. (Docket Entry 15-1, p. 3). Therefore, the Magistrate Judge will rely on the ALJ's summary of the evidence. (Tr. 12-25). The following is a summary of the medical evidence Plaintiff submitted to the Appeals Council.

Plaintiff sought treatment at the Mental Health Cooperative beginning on June 25, 2010. (Tr. 1002-1025). At her intake, Plaintiff complained of hopelessness, appetite increase, sleep decrease, irritability, energy level decrease, fatigue, mood swings, explosive temper, nervousness, depression, and anxiety. (Tr. 1003). She also reported sometimes staying in bed all day and that she sometimes had auditory hallucinations. *Id*. Plaintiff was described as being appropriately dressed with apparent good hygiene. (Tr. 1002). Her GAF[1] score was 36, with marked limitations in activities of daily living and interpersonal functioning. (Tr. 1004).

On July 1, 2010, Plaintiff reported she was doing ok but had been off her medication for about three weeks and could notice a change in her behavior. (Tr. 1005). She had stopped taking

---

[1] The Global Assessment of Functioning test is a
subjective determination that represents the clinician's judgment of the individual's overall level of functioning. It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). . . . A GAF of 41 to 50 means that the patient has serious symptoms ... OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). A GAF rating of 51 to 60 signals the existence of moderate difficulty in social or occupational functioning.
*Edwards v. Barnhart*, 383 F.Supp.2d 920, 924 n. 1 (E.D.Mich.2005).

Lithium due to side effects. (Tr. 1006). She was prescribed Geodon and Vistaril. (Tr. 1009). On July 29, 2010, she reported taking her medications but forgetting one dose of Geodon daily. *Id*.

Plaintiff returned to the Mental Health Cooperative on August 26, 2010. (Tr. 1011-12). She reported compliance in taking her medications, and the medications were working okay. (Tr. 1011). Her sleep improved to an average of 7 hours per night, and her mood was "calming down," although she still experienced some auditory hallucinations and isolation. (Tr. 1011). At her appointment on September 27, 2010, Plaintiff was essentially the same. (Tr. 1013-14).

After a medication change at the September appointment, Plaintiff reported experiencing auditory hallucinations but not as bad as before. (Tr. 1015). On November 22, 2010, Plaintiff reported having enough medication and not really needing to be seen. (Tr. 1017). She reported no concerns. *Id*. On January 31, 2011, she stated the medications were working all right. (Tr. 1019). On March 7, 2011, Plaintiff complained of her medication making her gain weight, and her provider changed Plaintiff's medications. (Tr. 1021).

### III. PLAINTIFF'S STATEMENT OF ERROR AND CONCLUSIONS OF LAW

Plaintiff alleges two errors in the Commissioner's decision. First, Plaintiff argues the ALJ erred in using Plaintiff's failure to follow prescribed treatment as a basis for denying her claim, inconsistent with SSR 82-59. Second, Plaintiff alleges the Appeals Council erred in determining that the new evidence submitted did not warrant a change in the outcome of Plaintiff's claim. For the reasons set forth below, the Magistrate Judge believes the Commissioner's decision was supported by substantial evidence.

A.  Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the

administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exits in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner*, 105 F.3d 244, 245 (6th Cir. 1996). Even if the evidence could also support a difference conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). However, if the record was not considered as a whole, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985).

B.  Proceedings at the Administrative Level

The Claimant has the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1.  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[2] or its equivalent; if a listing is met or equaled, benefits are owing without further inquiry.

4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (*e.g.*, what the claimant can still do despite his or her limitations); by showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

5. Once the claimant establishes a *prima facie* case of disability, it becomes the Commissioner's burden to establish the claimant's ability to work by providing the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be carried by relying on the medical-vocational guidelines, otherwise known as "the grids," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *See Wright v. Massanari*, 321 F.3d 611, 615-16 (6th Cir. 2003). Otherwise, the grids cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.*; *see also Moon*, 923 F.2d at 1181. In such cases where the grids do not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained

---

[2] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, Appendix 1.

through VE testimony. *See Wright*, 321 F.3d at *616 (quoting Soc. Sec. Rul. 83-12, 1983 WL 31253, *4 (S.S.A.)); *see also Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

C.  The ALJ Properly Considered the Evidence that Plaintiff Failed to Follow Prescribed Treatment

Plaintiff argues that the ALJ violated SSR 82-59 by failing to give Plaintiff the opportunity to "express her specific reasons for failing to follow prescribed treatment." (Docket Entry 15-1, p. 5).[3] The ruling at issue, SSR 82-59, 20 CFR § 404.1530, provides that a claimant who does not provide a treatment prescribed by her physician that can restore her ability to work must have a good reason for not following that treatment in order to be found disabled. "Failure to follow prescribed treatment becomes a determinative issue only if the claimant's impairment is found to be disabling under steps one through five and is amenable to treatment expected to restore her ability to work." *Hester v. Sec'y of Health & Hum. Servs.*, 866 F.2d 1315, 1989 WL 115632, *3 (6th Cir. Oct. 4, 1989). In other words, "[f]inding that a claimant suffers from a disabling impairment is necessary to trigger an analysis under SSR 82-59," and an ALJ is not required to analyze Plaintiff's noncompliance without a finding that Plaintiff suffers from a disabling impairment. *Brewer v. Astrue*, 2010 WL 5488528, *7 (E.D. Tenn. Dec. 10, 2010). Here, the ALJ found Plaintiff not disabled at step five and was therefore not required to analyze whether Plaintiff's failure to follow treatment was based on a good reason under SSR 82-59. (Tr. 25).

It is apparently undisputed, as the ALJ noted, that Plaintiff's mental impairments improve

---

[3] Plaintiff's counsel incorrectly states that the Appeals Council agreed with his characterization of the ALJ's consideration of Plaintiff's failure to follow prescribed treatment. The Appeals Council correctly stated that "failure to follow prescribed treatment was not a dispositive issue in the determination." (Tr. 2).

with treatment, and she did not obtain or follow prescribed treatment during a large portion of the relevant time period. (Tr. 21-24). Based in part on this failure, the ALJ discounted Plaintiff's credibility. An ALJ's finding on the credibility of a claimant is to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing the witness's demeanor and credibility. *Walters v. Commissioner of Social Security*, 127 F.3d 525 (6th Cir. 1997) (citing 42 U.S.C. § 423 and 20 C.F.R. 404.1529(a)). Like any other factual finding, an ALJ's adverse credibility finding must be supported by substantial evidence. *Doud v. Commissioner*, 314 F. Supp. 2d 671, 678-79 (E.D. Mich. 2003). Here, the Magistrate Judge believes the ALJ properly evaluated Plaintiff's credibility.

Even if the ALJ's reliance on Plaintiff's failure to obtain or follow prescribed treatment was not a factor, the ALJ cited substantial evidence for discounting Plaintiff's credibility. (Tr. 21-24). For example, Plaintiff's activities of daily living included "performing household chores such as sweeping, mopping, taking out the trash, feeding the dog, making her bed, washing dishes, cleaning the bathroom, and washing clothes." (Tr. 22). She was also able to attend church 2-3 times a month and talk with friends on the phone. *Id*. In June 2008, Plaintiff "reported spending her days sitting in the sun, swimming in her mother's pool, and playing with the dog." (Tr. 22-23). At the same examination, Plaintiff was suspected of "attempting to present herself as less functional than she actually is." (Tr. 23). In the Magistrate Judge's view, the ALJ had ample evidence for discounting Plaintiff's complaints in this case.

D.     The New Evidence is Not Material

Plaintiff also briefly argues that the Appeals Council did not follow 20 CFR § 404.1527(d) in considering the new evidence Plaintiff submitted to it. When new evidence has been submitted to the Appeals Council in an unsuccessful request for review, the Court cannot consider it except

in support of a sentence six remand. *See Cline v. Shalala*, 96 F.3d 146, 148-49 (6th Cir. 1996). When deciding whether to remand the case for further proceedings consistent with sentence six of 42 U.S.C. § 405(g), Plaintiff must first demonstrate that the evidence is new and material, that is, that there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-12 (6th Cir. 1988).

The evidence submitted by Plaintiff consists of her treatment records from Mental Health Cooperative dated subsequent to the ALJ's decision. (Tr. 1002-25). While these are new records and were not submitted to the ALJ for "good cause," as they were not and could not have been in existence at that time, the Magistrate Judge does not find that they are material. Plaintiff's GAF at her intake interview on June 25, 2010 was 36. (Tr. 1004). Once Plaintiff was treated with appropriate medication and was compliant in taking her medication, however, her symptoms stabilized within two months, with good sleep and mood swings "calming down." (Tr. 1011). On November 22, 2010, Plaintiff noted no concerns and believed she did not need to be seen. (Tr. 1017). These records are largely consistent with Plaintiff's previous mental health treatment, as described in the ALJ's opinion, which show improvement when she is treated and is compliant with prescribed treatment. Therefore, the Magistrate Judge agrees with the Appeals Council and believes the ALJ would not have reached a different disposition of the case had she considered these records.

### IV. RECOMMENDATION

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion be **DENIED** and this case be **DISMISSED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall

have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 12TH day of July, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge